UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

-------------------------------------------------------x
STEPHEN GREISIGER,                              :
300 Friends Road                                :
Birdsboro, PA 19508                             :
                                                :
       Plaintiff,                               :
                                                :      CIVIL ACTION
       vs.                                      :      CASE No. 1:25-cv-00423
                                                :
THE HILL                                        :
1625 K Street, NW Suite 900                     :
Washington, DC 20006                            :
                                                :
                                                :
NEXSTAR MEDIA GROUP, INC.,                      :
685 3rd Avenue, 31st Floor                      :
New York, NY 10017                              :
                                                :
Serve:                                          :
    Corporation Service Company                 :
    251 Little Falls Drive                      :
    Wilmington, DE 19808                        :
                                                :
       Defendants.                              :
-------------------------------------------------------x

## COMPLAINT

Plaintiff Stephen Greisiger ("Mr. Greisiger" or "plaintiff"), through undersigned counsel, brings claims for age and disability discrimination, in violation of the D.C. Human Rights Act, and a claim for interference with protected rights in violation of the Employee Retirement Income Security Act of 1974, against defendants The Hill and its parent company Nexstar Media Group, Inc. (collectively "the Company" or "Defendants"), as follows:

    1.    Plaintiff brings this action to remedy discrimination on the basis of his age and perceived disability, as well as for the Defendants' illegal interference with protected rights, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq. ("D.C.

Human Rights Act") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

2.  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs of this action, pre- and post-judgment interest, and other appropriate relief.

## Parties

3.  Mr. Greisiger worked for the Defendants from 2018 until February 21, 2024, when the Defendants unlawfully fired him. At all relevant times, Greisiger worked for the Defendants at their studios in Washington, D.C.

4.  Defendant The Hill is a Washington, D.C. corporation with its principal place of business located at 1625 K Street, NW, Suite 900, Washington, D.C. 20006. The Hill is a wholly owned subsidiary of News Communications, Inc., a Delaware corporation. News Communications, Inc. is a wholly owned subsidiary of Nexstar Media, Inc., a Delaware corporation. Nexstar Media, Inc. is a wholly owned subsidiary of Nexstar Media Group, Inc., a Delaware corporation.

5.  Defendant Nexstar Media Group, Inc. is a publicly traded corporation, incorporated in Delaware, with operations in Washington, D.C.

6.  Defendants were Mr. Greisiger's employer under the D.C. Human Rights Act and ERISA.

## Jurisdiction, Venue, and Administrative Exhaustion

7.  This Court has jurisdiction over Mr. Greisiger's ERISA claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1140.

8.  This Court has supplemental jurisdiction over plaintiff's claims under the D.C.

2

Human Rights Act, pursuant to 28 U.S.C. § 1367, because these claims closely relate to the federal claims, having arisen out of a common nucleus of operative facts, and all claims form part of the same case or controversy.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant The Hill is headquartered in Washington, D.C., because plaintiff worked for defendants in Washington, D.C., and because substantial events that form the basis of this action occurred in Washington, D.C.

## FACTUAL ALLEGATIONS

### Plaintiff's Background

10. Mr. Greisiger is 58 years old and is a telecommunications expert with two decades of experience in the media industry.

11. Mr. Greisiger received a bachelor's degree in Telecommunications from Pennsylvania State University in 1987.

12. From 2005 to 2015, Mr. Greisiger worked as Director of Photography, Videographer, and Technical Lead at Towne Group Media, in collaboration with the Pentagon Channel. In that role, he developed video content for military and commercial television. Mr. Greisiger championed the creation and implementation of a first-of-its-kind live broadcasting system from remote military bases all over the country.

13. As Director of Photography and Field Producer for "Recon," the Pentagon Channel's documentary series, which highlighted the experience of military children, Mr. Greisiger won three Emmy awards. In the mid-2000s, Mr. Greisiger served as Principal Videographer and Technical Lead for the Pentagon Channel's highest profile assignment to date: a remote multi-camera interview with President Barack Obama. After the interview, President

Obama's Chief of Staff personally commended his work as "exemplary."

14. In 2015, Mr. Greisiger joined the Administrative Office of the United States Courts (AOUSC) as the Director of Photography. As Team Leader for both the field and studio teams, he directed production projects for all 94 United States district courts. In this role, he also provided hands-on training in video production and disseminated policy information to various advisory groups. He boosted AOUSC's energy efficiency and production time when he successfully overhauled an antiquated on-set lighting system. He also reduced AOUSC's training and travel costs through the implementation of a new iPad video production initiative.

### The Defendants' Background

15. Nexstar Media Group, Inc. is The Hill's parent company (through intermediate subsidiaries) and is a media conglomerate based in New York City. Nexstar Media Group and its related companies, including defendant The Hill, broadcast globally.

16. Nexstar Media Group and its subsidiaries operate 200 individual television stations, 140 websites, and 278 mobile applications across 117 distinct media markets.

17. Among Nexstar Media Group's subsidiaries is defendant The Hill. The Hill is a Washington, D.C. corporation with its principal place of business located at 1625 K Street, NW, Suite 900, Washington, D.C. 20006.

18. The Hill operates both a printed news website and video broadcasts.

### Plaintiff's Successful Career at The Hill

19. In 2018, The Hill hired Mr. Greisiger as a Field and Studio Camera Operator. Due to his extensive experience, The Hill gave him the additional duties of Studio Manager, Floor Manager, Lighting Director, Robotic Camera Operator, Audio Operator, and Studio Technician.

20. Over the last six years, Mr. Greisiger oversaw all aspects of video production for

The Hill's flagship political talk show "Rising." In that role, he transformed The Hill's manual television studio operations to an automated robotic studio. This shift increased the Defendants' production efficiency and saved The Hill substantial money.

21.     Mr. Greisiger also engineered 42 distinctive camera positions, each of which he meticulously calibrated with personalized lighting schemes and adaptable backgrounds. His work allowed the video production team to better align the 1,700 square foot television studio with the visual identity of day-to-day video content.

### Mr. Greisiger Told His Employer About an Impending Medical Procedure

22.     In early 2024, Mr. Greisiger spoke with his doctor about his ongoing debilitating hip pain in his right hip. Mr. Greisiger's doctor recommended full hip replacement surgery. He had previously undergone a similar procedure for his left hip.

23.     On Tuesday, February 13, 2024, Mr. Greisiger informed Kathleen Rajsp, his immediate supervisor, of his doctor's recommendation. Given his experience with the procedure, Mr. Greisiger told Ms. Rajsp that he believed that the procedure would go smoothly.

24.     Mr. Greisiger provided advance notice to Ms. Rajsp to avoid any disruption to The Hill's "24/7" media environment. He offered to work with Ms. Rajsp to schedule his surgery at a convenient time for The Hill, despite his persistent physical discomfort.

25.     Immediately following Mr. Greisiger's disclosure of his planned surgery and his acknowledgment that he would take leave for recovery, the Defendants targeted him, applied different standards to him than to his colleagues with no disability, and fired him for the pretextual reason of arguing with a colleague.

### The Hill Manufactures a Reason to Fire Mr. Greisiger

26.     On February 16, 2024, Mr. Greisiger and two colleagues (Amanda Duke and

5

Darren Williams) watched Kevin Cirilli, on-air talent for "The Daily Debrief," remove his microphone and throw it onto the studio desk, which broke the $2,000 microphone.

27. Mr. Greisiger is responsible for all of the studio equipment and has repeatedly told on-air talent, including Mr. Cirilli, that the studio equipment is fragile and should not be removed, maneuvered, or adjusted without his or other technical staff's assistance.

28. Despite these frequent reminders, Mr. Cirilli consistently ignored staff requests and removed his own microphone and earpiece.

29. Mr. Greisiger told Mr. Cirilli that Mr. Cirilli had just carelessly broken the microphone. Mr. Cirilli then stormed to the studio exit. Mr. Greisiger asked him to "wait a minute," and followed him toward the exit so that they could discuss how to take better care of the studio materials.

30. Mr. Cirilli shouted that he "did not have time for this," and stormed out of the studio, which left Mr. Greisiger stunned and embarrassed in front of his colleagues. Mr. Cirilli went immediately to Human Resources and filed a complaint against Mr. Greisiger for allegedly threatening him and creating an "unsafe workplace."

31. After Mr. Cirilli's report to Human Resources, Ms. Rajsp and Joe Ruffolo, the Vice President and General Manger of The Hill, had the "excuse" they needed to terminate Mr. Greisiger. Despite no substantiation that Mr. Cirilli's claims were true, Mr. Ruffolo humiliated Mr. Greisiger by confiscating Mr. Greisiger's access card, escorting him out of the building, and barring his return pending an internal investigation, after Mr. Greisiger's almost six years of successful work for The Hill.

32. On Wednesday, February 21, 2024, Kari Torgerson, the director of corporate Human Resources fired Mr. Greisiger. According to Ms. Torgerson, the results of her

"investigation" into Mr. Cirilli's claims against Mr. Greisiger required immediate termination. Neither Ms. Torgerson nor any other manager at The Hill has ever shared the findings of this alleged investigation, which calls into question whether Thill Hill did any investigation. Moreover, The Hill employs a progressive discipline policy that outlines the appropriate reprimand in different situations. Mr. Greisiger's actions do not rise to the level of a terminable offense. The Hill's justification for its termination of him is clearly since Mr. Greisiger's colleagues engage in more serious profanity and are not punished. As one example, a profanity-laced, back-and-forth between news anchors for The Hill remains on the Defendants' public YouTube channel.

### The Defendants Viewed Mr. Greisiger as An Individual with a Disability

33. Despite Mr. Greisiger's efforts to allay concerns at The Hill, the defendants knew that a person getting a hip replacement may not regain full dynamic mobility for up to 12 months after surgery.

34. A perceived reduction in one's employment functionality due to a hip replacement is prohibited "regarded as" discrimination under the D.C. Human Rights Act.

35. Given Mr. Greisiger's age and the seriousness of the procedure, Ms. Rajsp and her superiors knew that Mr. Greisiger might have a lengthy recovery time and the possibility that the defendants would need to pay short-term disability.

### The Defendants Discriminated Against Greisiger Based on His Age

36. An individual's age, in and of itself, is not an impairment. However, medical conditions or complications associated with age are protected conditions under the D.C. Human Rights Act.

37. After Mr. Greisiger informed Ms. Rajsp that he required a hip replacement, Ms.

Rajsp and The Hill's management assumed that given Greisiger's age and the severity of the operation, Mr. Greisiger's mobility would be impaired for a substantial period of time.

38. The Hill's termination of Mr. Greisiger was part of The Hill's termination and replacement of older workers with younger workers. The Hill's discriminatory acts are more injurious to these terminated employees because many have dedicated their professional lives to The Hill.

39. In 2023, The Hill overhauled its management and hired Josh Eure as its Executive Producer of Video. Messrs. Eure and Ruffolo initiated an immediate, targeted termination of The Hill's oldest employees. At the time, The Hill employed five individuals between the ages of 58 and 66 years old, Mr. Euro and Mr. Ruffolo fired all but one and replaced them with younger workers.

40. Defendants continue to apply pressure on the fifth employee—who is over 50 years old—to resign.

**Defendants Illegally Interfered with Mr. Greisiger's Rights Under the Benefit Plan**

41. ERISA prohibits an employer from terminating an employee where the purpose of the discharge is to interfere with the employee's exercise of any right under an employee benefit plan.

42. Defendants terminated Mr. Greisiger's employment to avoid the likelihood that it would need to pay him for short-term disability leave. The termination of Mr. Greisiger follows a pattern at The Hill whereby upper management bars other employees from fully accessing their benefits.

43. One employee, Reggie Nicholas, was temporarily unable to work in-person due to medical reasons. While previous managers had allowed Mr. Nicholas to work remotely, Messrs.

Eure and Ruffolo wanted to "start his termination clock" to avoid paying any disability benefits. Because Mr. Nicholas was unable to return to work in person, they forced him to resign.

44. Messrs. Eure and Ruffolo took similar action against Mr. Greisiger. Just eight days after Mr. Greisiger told Ms. Rajsp about his hip surgery, The Hill fired him for a pretextual reason to avoid paying short-term disability.

## Count I

### DEFENDANTS' TERMINATION OF MR. GREISIGER VIOLATED THE D.C. HUMAN RIGHTS ACT: AGE DISCRIMINATION

45. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 44 of this Complaint as if set forth fully herein.

46. Mr. Greisiger, who is 58 years old, is a protected individual based on his age.

47. Defendants fired Mr. Greisiger because of his age, and not for legitimate business reasons.

48. Defendants' termination of Mr. Greisiger was part of a pattern and practice of terminating older workers on the basis of their age and replacing them with younger employees.

49. The Hill has fired four of the five oldest workers and continues to pressure the fifth employee to resign.

50. Defendants discriminated against plaintiff on the basis of his age in violation of the D.C. Human Rights Act. D.C. Code § 2-1401.1 et seq.

51. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's protected rights.

## Count II

### DEFENDANTS' TERMINATION OF MR. GREISIGER VIOLATED THE D.C. HUMAN RIGHTS ACT: DISABILITY DISCRIMINATION

9

52. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 51 of this Complaint as if set forth fully herein.

53. By the acts and practices described above, Defendants perceived Mr. Greisiger as someone with a disability when they falsely presumed that his age and the seriousness of his procedure would significantly impact Mr. Greisiger's ability to work. D.C. Code § 2-1401.1(4)(c).

54. Defendants discriminatorily fired Mr. Greisiger based on its perception of him as a person with a disability.

55. Defendants believed that Mr. Greisiger's disability and scheduled surgery would incapacitate him for a number of months.

56. Upon information and belief, The Hill has a demonstrated pattern of discriminating against employees with disabilities. The Hill has demoted at least two individuals because of physical disabilities.

57. By the acts and practices described above, defendants discriminated against plaintiff on the basis of his disability in violation of the D.C. Human Rights Act.

58. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's rights.

## Count III

### DEFENDANTS VIOLATED THE EMPLOYEE RETIREMENT INCOME SECURITY ACT BY TERMINATING MR. GREISIGER, THEREBY DENYING HIM HIS RIGHT TO SHORT-TERM DISABILITY

59. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 58 of this Complaint as if set forth fully herein.

60. Defendants were aware that Mr. Greisiger's surgery would require him to take

10

extended leave from The Hill.

61. Defendants would be required, under ERISA, to pay Mr. Greisiger short-term disability leave for the duration of his absence from work as a result of his surgery.

62. Defendants terminated Mr. Greisiger only eight days after he told his superior that he needed a hip replacement.

63. Defendants terminated Mr. Greisiger in order to deny him benefits (i.e., short term disability) to which he was entitled under ERISA.

64. Defendants violated ERISA by terminating him because of his disability and his notification that he may need short term disability

65. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, emotional distress, humiliation, and other compensable damages as a result of defendants' discriminatory practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declare that the acts and practices complained of herein are in violation of the D.C. Human Rights Act and ERISA;

b. Direct defendant to restore Mr. Greisiger to his previous position;

c. Award Mr. Greisiger backpay for the period of his unemployment and pay him for all benefits he would have received had he not been terminated;

d. Award Mr. Greisiger compensatory damages including damages for emotional distress, humiliation, and pain and suffering;

e. Award Mr. Greisiger his reasonable attorneys' fees and costs; and

f. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

*/s/ Alan R. Kabat*
_____
Lynne Bernabei, D.C. Bar No. 938936
Alan R. Kabat, D.C. Bar No. 464258
Bernabei & Kabat, PLLC
1400 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
tel. (202) 745-1942
fax (202) 745-2627
Email: Bernabei@bernabeipllc.com
Email: Kabat@bernabeipllc.com

DATED:   February 13, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------x
STEPHEN GREISIGER,                                  :
300 Friends Road                                    :
Birdsboro, PA 19508                                 :
                                                    :
        Plaintiff,                                  :
                                                    :
                                                    :   CIVIL ACTION
        vs.                                         :   CASE NO. 1:25-cv-00423
                                                    :
THE HILL                                            :
1625 K Street, NW Suite 900                         :
Washington, DC 20006                                :
                                                    :
                                                    :
NEXSTAR MEDIA GROUP, INC.,                          :
685 3rd Avenue, 31st Floor                          :
New York, NY 10017                                  :
                                                    :
        Defendants.                                 :
---------------------------------------------------------x

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

*Alan R. Kabat*
_____
Lynne Bernabei, D.C. Bar No. 938936
Alan R. Kabat, D.C. Bar No. 464258
Bernabei & Kabat, PLLC
1400 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
tel. (202) 745-1942
fax (202) 745-2627
Email: Bernabei@bernabeipllc.com
Email: Kabat@bernabeipllc.com

Attorneys for Plaintiff

DATED:  February 13, 2025